Caruthers, J.,
delivered the opinion of the Court.
At a sale of a negro boy named John, under an execution against Felix G-. Studdort; he was struck off to Whitson as the highest bidder, and at the request of Fowlkes, who was present, and a competing bidder, and in a few minutes after the property was struck off, and before the slave was delivered, he was substituted as the purchaser, and the bill of sale made to him. After this, suits were brought by John Studdort, for this and another slave sold at the same time, and bought by Horatio Clogatt, under a claim of title, in the Federal Court, at Nashville. During the pendency of these suits Fowlkes had a conversation with Whitson in which he stated to him, that such suits had been brought, and that he and Clogatt expected to join in the defence of them, and “thus lighten the expense” to each, “ and asked Whitson if he would bear his part of the suit against him, Fowlkes, to which he replied, “ certainly, or, I reckon so.” It appears, that after the suit against Clogatt was tried, and gained by the latter, the suit against Fowlkes was dismissed. The lawyers’ fees and tavern expenses were paid by Fowlkes, and in this suit for one-half of the same, he recovered fifty dollars against Whitson upon the above promise. This appeal in error is to reverse that judgment.
The Court instructed the jury, that if they found the promise, the consideration would be sufficient; because, in such a case, upon the facts stated, the transaction would be a sale of the slave by Whitson to Fowlkes, and the law would imply a warranty of title, and his liability for that would constitute a good con *535 sideration for a promise to assist in its defence. We cannot concur in this view of his honor, or rather, in his premises. We think the facts proved, do not amount to a sale from Whitson to Fowlkes. It was nothing more than an agreement while the matter was in progress, and not consummated, that the latter should .take the place of the former, as purchaser at the sale, and by paying the bid, obtain its benefit by having the title made to himself. The transaction had no other effect than to substitute Eowlkes to the place of Whitson, and so soon as the terms of the sale were complied with by the former, the latter stood as if he had never made the bid. He was bound to the officer, and as to him, could only be discharged by the payment of the bid, but that having been done, was a complete exoneration of Whitson. The circumstances imposed no obligation upon Whitson as to the title. His substitute stepped into his shoes, not as purchaser from him, but as the successful bidder at the sale, and consequently, took upon himself all the risks, which, by law, devolves upon the purchaser at execution sales. There is no warranty, express or implied; caveat emptor is the maxim.
The conversation was very vague and indefinite; it is difficult to make a contract or binding promise out of it; but if it be so construed, upon our view of the transaction, it would be void for want of a consideration.
The judgment will be reversed.